IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silverton Bank, N.A., <br><br> Plaintiff, <br><br> - v. - <br><br> ROBERT A. PARKS, <br><br> Defendant. | Civil Action File No.1:12-cv-00353-JFK |

## MOTION TO EXTEND TIME FOR DISCOVERY

Comes now Defendant Robert A. Parks, by and through counsel, and would respectfully request that this Court extend time for discovery in this matter for the following reasons:

1. By Order and Magistrate Judge's Scheduling Order entered on April 11, 2012, this Court initially scheduled discovery to be completed by August 3, 2012.

3833043_2

2. On June 11, 2012, the Plaintiff Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Silverton Bank, N.A. filed a Motion for Summary Judgment.

3. Upon the filing of this case, the Defendant Robert A. Parks and the FDIC's designated loan servicer for the loan at issue discussed options to settle this case. After the filing of the Motion for Summary Judgment, counsel for Plaintiff FDIC and FDIC's designated servicer of the loan at issue held more extensive and detailed settlement discussions. By stipulation and agreement between the parties, the deadline for discovery was extended to October 26, 2012 through Agreed Orders as the parties appeared to be moving towards reaching a full settlement of the matter. After weeks of settlement discussions as to specific terms, which included review of multiple documents, counsel for the parties and FDIC's designated servicer of the loan at issue reached a specific settlement agreement. The settlement that was discussed required Defendant Robert A. Parks to complete an appraisal of certain real property and a Phase I environmental study. Both the appraisal and Phase 1 study took several weeks to complete and were completed at Robert A. Parks' expense. While an agreement had been reached with counsel for the FDIC and FDIC's designated loan servicer for the case, counsel for the FDIC

stated that any settlement was contingent upon approval by an internal credit committee of the FDIC.

4.  After the completion of the appraisal and a Phase 1 environmental study, a specific written settlement agreement was reached between Defendant Robert A. Parks, counsel for the FDIC, and the loan servicer for the FDIC, subject to the approval of an internal credit committee of the FDIC.  In fact, the Consent Order Extending Defendant's Time to Respond to Plaintiff's Motion for Summary Judgment as to Liability and Extending Discovery Period entered by this Court on September 19, 2012 stated:  "[T]he parties have reached a settlement in principle of this matter, and the purpose of said extension is to allow the parties additional time to finalize and memorialize the settlement terms in writing." [Consent Order Extending Defendant's Time to Respond to Plaintiff's Motion for Summary Judgment as to Liability and Extending Discovery Period entered on September 19, 2012].

5.  Thereafter, a settlement agreement and multiple settlement instruments relating to the settlement were drafted by counsel for the FDIC and agreed to by Defendant Robert A. Parks.  Accordingly, Defendant Parks reasonably believed a settlement had been reached.

6.     On Monday, October 15, 2012, counsel for the FDIC advised counsel for Defendant Parks that the internal credit committee for the FDIC was not in a position to approve the settlement that had been reached between counsel for the parties and FDIC's own designated loan servicer on the loan at issue, but the FDIC was willing to continue settlement discussions, and that the FDIC internal credit committee requested additional information.

7.     The current deadline to respond to the Motion for Summary Judgment is Friday, October 26, 2012.  Given the parties' extensive settlement discussions and what appeared to be a settlement of the matter, Defendant Robert A. Parks has not commenced any discovery.  Discovery is required for Defendant Parks to respond to Plaintiff's Motion for Summary Judgment and Complaint should an agreement not ultimately be reached that is acceptable to the FDIC Internal Credit Committee.

**WHEREFORE**, Defendant Robert A. Parks respectfully requests that the deadline for completing all discovery be extended to and through February 28, 2013.  Said date will allow approximately four (4) months for all discovery to be completed.

DATED this 25th the day of October, 2012.

4

Respectfully submitted,

FOR: **DOW LOHNES PLLC**

/s/ Stacey A. Carroll
Stacey A. Carroll
Georgia Bar No. 112730
Six Concourse Parkway, Suite 1800
Atlanta, Georgia 30328-6117
(770) 901-8800 (phone)
(770) 901-8874 (fax)

*Attorneys for Defendant Robert A. Parks*


## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Silverton Bank, N.A.,

    Plaintiff,

- v. -

ROBERT A. PARKS,

    Defendant.

Civil Action File
No. 1:12-cv-00353-JFK

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2012, I electronically filed **MOTION TO EXTEND TIME FOR DISCOVERY** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Stephanie Friese Aron
Christine R. Norstadt
James E. Friese
Friese Legal, LLC
1100 Spring Street NW, Suite 730
Atlanta, Georgia 30309

/s/ Stacey A. Carroll

                Stacey A. Carroll
Georgia Bar No. 112730
Dow Lohnes PLLC
Six Concourse Parkway, Suite 1800
Atlanta, Georgia 30328-6117
(770) 901-8800 (phone)
(770) 901-8874 (fax)
scarroll@dowlohnes.com

*Attorneys for Defendant Robert A. Parks*