IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION,

                    Plaintiff,

         v.

ROBERT A. PARKS,

                    Defendant.

CIVIL ACTION FILE NO.

1:12-CV-00353-JFK

## <u>ORDER AND WRITTEN OPINION</u>

Pending before the court is Plaintiff Federal Deposit Insurance Corporation, as Receiver for Silverton Bank, N.A. ("FDIC-R")'s motion [Doc. 17] for summary judgment as to liability. FDIC-R contends that summary judgment should be granted in its favor on a breach of note claim based on the promissory note executed by Defendant Robert A. Parks due to the fact of Defendant's undisputed default on the note. [Id.]. Defendant Parks filed a response [Doc. 27] to the motion for summary judgment and a motion [Doc. 26] to extend the time for discovery claiming that Plaintiff's motion for summary judgment, filed before the close of discovery, in conjunction with the parties' attempt to resolve the litigation by settlement during the discovery period, deprived Defendant of the opportunity to obtain the discovery necessary to respond to the motion for summary judgment. In examining Defendant's response to the motion for summary judgment and motion to extend time for

discovery, as discussed *infra*, the court concludes that Defendant Parks concedes liability on the breach of note claim but challenges the amount of damages, contending additional discovery is necessary to defend on damages. [Docs. 26, 27]. After consideration of the briefs of the parties and the record before the court, the court **GRANTS** Plaintiff's motion for summary judgment as to liability but **DENIES** Plaintiff's request that judgment in a specific amount be entered against Defendant and **GRANTS IN PART** Defendant's request for additional discovery as set forth *infra*.

## I.    Facts

When evaluating the merits of a motion for summary judgment, the court must "view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party." Comer v. City of Palm Bay, Florida, 265 F.3d 1186, 1192 (11th Cir. 2001). However, mere conclusions and unsupported self-serving statements by the party opposing summary judgment are insufficient to avoid summary judgment. See Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005); Plaisance v. Travelers Ins. Co., 880 F. Supp. 798, 804 (N.D. Ga. 1994) (conclusory allegations based on subjective beliefs and reliance upon speculation and unsubstantiated hearsay do not create a genuine issue of material fact). The evidence presented by the parties having been evaluated in accordance with the foregoing principles, the following facts are

2

deemed to be true for the limited purpose of evaluating the FDIC-R's motion [Doc. 17] for summary judgment.[1]

On February 2, 2012, Plaintiff FDIC-R filed a complaint for breach of note contending that as the Receiver for Silverton Bank, N.A., as appointed by the Comptroller of the Currency, it was the holder of the promissory note ("Note") executed between Defendant Parks and The Bankers Bank on October 23, 2007, in the amount of $580,000.00.[2] [Doc. 1, ¶¶ 6-8]. In the answer to the complaint, Defendant admitted that he executed the aforementioned Note, attached as an exhibit to the complaint. [Doc. 7, ¶ 6; see also Defendant's Response to Plaintiff's SMF ¶ 1].

---

[1] Unless otherwise indicated, the court draws the undisputed facts from Plaintiff's "Statement of Material Facts as to Which Plaintiff Contends There is no Genuine Dispute." (Cited to as: Plaintiff's SMF ¶). The court accepts as admitted those facts in Plaintiff's statement that Defendant has not "specifically controverted" with citation to relevant portions of the record. L.R. 56.1B.(2), N.D. Ga. Defendant has declined to admit or deny several of Plaintiff's factual statements contending that additional discovery is necessary in order for Defendant to respond. (Cited to as Defendant's Response to Plaintiff's SMF ¶). As discussed *infra*, those responses that are not adequately explained or supported will not be considered by the court.

[2] On January 1, 2008, the title of The Bankers Bank was changed to Silverton Bank, N.A. [Doc. 1, ¶ 7; Plaintiff's SMF ¶ 3]. On May 1, 2009, the Comptroller of the Currency appointed the FDIC, and the FDIC accepted the appointment, as the Receiver for Silverton Bank, N.A. (Plaintiff's SMF ¶¶ 4, 5]. As Defendant admits, notice of the appointment was published in the Federal Register on January 27, 2010, and he acknowledged that the FDIC was appointed as Receiver for Silverton Bank, N.A., in the First Modification of the Note executed on January 7, 2010. (Plaintiff's SMF ¶¶ 6, 9; Defendant's Response to Plaintiff's SMF ¶¶ 6, 9).

AO 72A
(Rev.8/82)

Defendant further admits that on October 23, 2007, he executed and delivered to The Bankers Bank a Commercial Pledge Agreement ("Agreement"). (Plaintiff's SMF ¶ 2; Defendant's Response to Plaintiff's SMF ¶ 2).

Pursuant to the Note, the terms therein "shall inure to the benefit of Lender (The Bankers Bank) and its successors and assigns[,]" with the same being true of the terms in the Agreement. (Plaintiff's SMF ¶¶ 7, 8; Defendant's Response to Plaintiff's SMF ¶¶ 7, 8). After the FDIC was appointed as Receiver for Silverton Bank, N.A., Defendant reconfirmed and reaffirmed the Note when he executed the First Modification. (Plaintiff's SMF ¶ 10; Defendant's Response to Plaintiff's SMF ¶ 10).

Pursuant to the terms of the Note, as he admits, Defendant is obligated to pay to the FDIC-R the Principal Amount, $580,000.00, in accordance with the terms of the Note. (Plaintiff's SMF ¶ 11; Defendant's Response to Plaintiff's SMF ¶ 11). Defendant's promise to pay the Principal Amount in accordance with the terms of the Note is an absolute and unconditional promise. (Plaintiff's SMF ¶ 14; Defendant's Response to Plaintiff's SMF ¶ 14). And, as he admits, Defendant is obligated to pay the FDIC-R, pursuant to the Note, consecutive monthly interest payments on the unpaid Principal Amount, at the Variable Interest Rate, as defined in the Note and adjusted from time to time pursuant to the terms of the Note. (Plaintiff's SMF ¶ 15; Defendant's Response to Plaintiff's SMF ¶ 15).

4

The Note further provides that a late charge in the amount of $100.00 is due, regardless of whether any partial payment is received by FDIC-R, if said payment is fifteen days or more late, upon each occurrence of a late payment.  (Ohlrich Affidavit ("Aff.") ¶ 5, Ex. 2 (Note, Late Charges; First Modification, Sections 3(a), (b); Second Modification, Section 3)).  Upon an "Event of Default," as defined in the Note, the Note provides for payment of interest on the unpaid balances at the rate of "Interest After Default," as defined therein and as adjusted from time to time.  (Id., Ex. 2 (Note, Interest After Default; First Modification, Sections 3(a), (b); Second Modification, Section 3)).  The terms of the Note also provide for the payment of the FDIC-R's costs of collection, including attorneys fees, if an attorney is hired to the collect the amount owed under the Note.  (Id., Ex. 2 (Note, Attorneys' Fees; Expenses; First Modification, Sections 3(a), (b); Second Modification, Section 3)).

The Note further provides that the lender (that is, FDIC-R as successor in interest) may forego enforcement of its rights without losing any rights under the Note. (Ohlrich Aff. ¶ 5, Ex. 2 (Note, General Provisions)).  In conjunction therewith, the terms of the Agreement provide that Defendant, as the borrower, waived certain defenses, including "any defenses that may arise because of any action or inaction of Lender, including without limitation any failure of Lender to realize upon the Collateral or any delay by Lender in realizing upon the Collateral[,]" (Ohlrich Aff. ¶

5, Ex. 2 (Agreement, Borrower's Waivers and Responsibilities)), that the Lender is not obligated to sell the collateral upon an event of default (id., Ex. 2 (Agreement, Rights and Remedies on Default)), and that the lender is given the right to exercise a choice of remedies upon default (id.).

One term of the First Modification executed by Defendant on January 7, 2010, provides that "Borrower represents and warrants that . . . Borrower presently has no claims or actions of any kind at law or in equity against Lender arising out of or in any way relating to the Loan Documents." (Ohlrich Aff. ¶ 5, Ex. 2 (First Modification, Section 3(e)(iii)). And the terms of the Second Modification, executed by Defendant and FDIC-R on September 23, 2010, provide in pertinent part:

> 4.1   As of the date hereof, Borrower has no defenses, offsets or counterclaims as against the indebtedness evidenced by the Original Note, as amended hereby.
>
> 4.2   To the best knowledge and belief of Borrower, the Original Note, and the other Loan Documents, as amended hereby are in all respects the legal, valid and binding obligations of the parties thereto, enforceable against the parties thereto in accordance with their respective terms and free from all infirmities, defenses or counterclaims of any nature whatsoever. To the best of knowledge and belief of Borrower, Lender is not in default or breach of any of its obligations to Borrower under the Original Note or any other Loan Documents, as amended hereby.

(Ohlrich Aff. ¶ 5, Ex. 2 (Second Modification, Sections 4.1, 4.2)).

AO 72A
(Rev.8/82)

Defendant admits that he has defaulted under the Note because he "fail[ed] to make any payment when due under [the] Note." (Plaintiff's SMF ¶¶ 27, 28; Defendant's Response to Plaintiff's SMF ¶¶ 27, 28). Upon Defendant's default, the FDIC-R, as lender, is permitted to "declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount." (Plaintiff's SMF ¶ 29; Defendant's Response to Plaintiff's SMF ¶ 29). The FDIC-R, in its Notice and Demand, which Defendant received, gave written notice to Defendant in accordance with the applicable provisions of the Note, that it was accelerating the maturity of the Note by declaring the entire unpaid balance of the Note, including unpaid principal, interest, late fees, and any other amounts due and owing under the Note, to be immediately due and payable to the FDIC-R. (Plaintiff's SMF ¶¶ 30, 31; Defendant's Response to Plaintiff's SMF ¶¶ 30, 31). In the Notice and Demand Letter, dated January 12, 2012, the FDIC-R notified Defendant, in accordance with the provisions of O.C.G.A. § 13-1-11, of the FDIC-R's intention to enforce the provisions in the Note relative to the payment of statutory attorneys fees. (Plaintiff's SMF ¶ 19; Defendant's Response to Plaintiff's SMF ¶ 19). Defendant failed to pay the amount as demanded in the Notice and Demand within ten days of Defendant's receipt of said letter on January 13, 2012. (Plaintiff's SMF ¶¶ 20, 33; Defendant's Response to Plaintiff's SMF ¶¶ 20, 33).

Additional facts will be set forth as necessary in the discussion of Plaintiff's motion for summary judgment and Defendant's motion to extend discovery and response to the motion for summary judgment.

## II.   Summary Judgment Standard and Motion Pursuant to Rule 56(d)

Federal Rule of Civil Procedure 56 provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (amended 2010).  Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

The movant bears the initial burden of asserting the basis of his motion, and that burden is a light one.  See Celotex, 106 S. Ct. at 2553.  The movant is not required to negate his opponent's claim.  See id.  Rather, the movant may discharge this burden merely by "'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case."  Id. at 2554.

When evaluating a motion for summary judgment, the court must view the evidence and factual inferences in the light most favorable to the nonmoving party.

8

See Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1309 (11ᵗʰ Cir. 2001). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). Instead, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." Fickling v. United States, 507 F.3d 1302, 1304 (11ᵗʰ Cir. 2007) (citing Walker v. Darby, 911 F.2d 1573, 1577 (11ᵗʰ Cir. 1990)).

Rule 56 also provides a shelter against entry of summary judgment for a non-movant pending additional discovery. "When a summary judgment motion is filed, Federal Rule of Civil Procedure 56[(d)][3] allows a district court, before deciding that pending motion, to grant a continuance for additional discovery when the party opposing the motion 'shows by affidavit [or declaration] that, for specified reasons, it cannot present facts essential to justify its opposition.'" Wingster v. Head, 318 Fed.

---

[3]Rule 56 was amended in 2010 to provide stylistic changes:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1)    defer considering the motion or deny it;
    (2)    allow time to obtain affidavits or declarations or to take discovery; or
    (3)    issue any other appropriate order.

Fed. R. Civ. P. 56(d) (as amended 2010).

Appx. 809, 813 (11th Cir. 2009) (citation omitted).  "The decision to grant or deny a Rule 56[(d)] motion lies within the sound discretion of the trial judge."  <u>Anderson v. Dunbar Armored, Inc.</u>, 678 F. Supp. 2d 1280, 1295 (N.D. Ga. 2009) (citations omitted); <u>and see</u> <u>Barfield v. Brierton</u>, 883 F.2d 923, 932 (11th Cir. 1989); <u>Wallace v. Brownell Pontiac-GMC Co., Inc.</u>, 703 F.2d 525 (11th Cir. 1983).

In applying this rule, courts have held that a party opposing a summary judgment motion in this fashion "'must conclusively justify his entitlement to the shelter of [R]ule 56[(d)] by presenting specific facts explaining the inability to make a substantive response.'"  <u>Virgilio v. Ryland Group, Inc.</u>, 680 F.3d 1329, 1338 (11th Cir. 2012) (quoting <u>Securities and Exchange Comm'n v. Spence & Green Chemical Co.</u>, 612 F.2d 896, 901 (5th Cir. 1980)).  The nonmovant must also specifically demonstrate "'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"  <u>Wingster</u>, 318 Fed. Appx. at 813 (quoting <u>Spence & Green Chemical Co.</u>, 612 F.2d at 901); <u>see also</u> <u>Harbert International, Inc. v. James</u>, 157 F.3d 1271, 1280 (11th Cir. 1998) ("A Rule 56[(d)] motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment.").

The party seeking relief "may not simply rely on vague assertions that additional discovery will produce needed facts, 'particularly where . . . ample time and opportunities for discovery have already lapsed.'" Wingster, 318 Fed. Appx. at 813-14 (citation omitted).  In this regard, the law in this circuit is well established:  "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion" for summary judgment. Jones v. City of Columbus, Georgia, 120 F.3d 248, 253 (11th Cir. 1997) (citing *inter alia* Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870-71 (11th Cir. 1988)).  "Snook did, however, place a burden on non-moving parties" to "demonstrate with . . . specificity what relevant facts they could or hope to discover to rebut [movant's] motion." Southard v. State Farm Fire and Casualty Co., 2012 WL 899223, at **2-3 (S.D. Ga. March 15, 2012); accord Vision Bank v. Merritt, 2010 WL 5474161, at *3 (S.D. Ala. December 8, 2010) ("A party cannot use Rule 56(d) as a springboard for a fishing expedition or a delay tactic, but must instead specify what documents or discovery are needed, and why those materials are relevant to the issues raised on summary judgment.").

The court will apply these standards in ruling on Plaintiff FDIC-R's motion for summary judgment and Defendant Parks' motion to extend discovery and response to the motion for summary judgment.

11

### III.    Discussion

Plaintiff FDIC-R sued for a breach of the promissory note executed by Defendant Parks with the predecessor in interest, the Bankers Bank, on October 23, 2007.  [Doc. 1].  The record establishes that Plaintiff has a *prima facie* right to judgment as a matter of law.  Defendant admitted in his answer and in his response to Plaintiff's statement of material facts that he executed the Note.  [Doc. 7, ¶ 6; see also Defendant's Response to Plaintiff's SMF ¶ 1].  The undisputed evidence also establishes that The Bankers Bank's named changed to Silverton Bank, N.A., in 2008, and that subsequently, on May 9, 2009, the FDIC was appointed as Receiver for Silverton Bank, N.A.  [Doc. 1, ¶ 7; Plaintiff's SMF ¶¶ 3, 4, 5].  As Defendant admits, notice of the appointment was published in the Federal Register on January 27, 2010, and he acknowledged that the FDIC was appointed as Receiver for Silverton Bank, N.A., in the First Modification of the Note executed on January 7, 2010.  (Plaintiff's SMF ¶¶ 6, 9; Defendant's Response to Plaintiff's SMF ¶¶ 6, 9).  Pursuant to the Note, the terms therein "shall inure to the benefit of Lender (The Bankers Bank) and its successors and assigns."  The same is true of the Agreement executed at the time the Note was executed.  (Plaintiff's SMF ¶¶ 7, 8; Defendant's Response to Plaintiff's SMF ¶¶ 7, 8).  FDIC-R is the holder of the Note.  See Federal Deposit Insurance Corp. v. Jackson, 2012 WL 568226, at *1 (N.D. Ga. February 17, 2012) (agreeing that, as

12

Receiver, the FDIC "took over" Silverton Bank, N.A., "assets, including that ability to collect on outstanding Notes, by operation of law, and Defendant cannot challenge that it is a holder in due course") (quoting <u>FDIC v. Houde</u>, 90 F.3d 600, 606 (1st Cir. 1996) ("'Once a receivership of a failed bank takes place, the transfer of the failed bank's assets to the FDIC occurs by operation of law.'").

After the FDIC was appointed as Receiver for Silverton Bank, N.A., Defendant reconfirmed and reaffirmed the Note when he executed the First Modification. (Plaintiff's SMF ¶ 10; Defendant's Response to Plaintiff's SMF ¶ 10). Pursuant to the terms of the Note, as he admits, Defendant is obligated to pay to the FDIC-R the Principal Amount, $580,000.00, in accordance with the terms of the Note. (Plaintiff's SMF ¶ 11; Defendant's Response to Plaintiff's SMF ¶ 11). Defendant's promise to the pay the Principal Amount in accordance with the terms of the Note is an absolute and unconditional promise. (Plaintiff's SMF ¶ 14; Defendant's Response to Plaintiff's SMF ¶ 14). And, as he admits, Defendant is obligated to pay the FDIC-R, pursuant to the Note, consecutive monthly interest payments on the unpaid Principal Amount, at the Variable Interest Rate, as defined in the Note and adjusted from time to time pursuant to the terms of the Note. (Plaintiff's SMF ¶ 15; Defendant's Response to Plaintiff's SMF ¶ 15). Significantly, Defendant admits that he has defaulted under the

13

Note because he "fail[ed] to make any payment when due under [the] Note." (Plaintiff's SMF ¶¶ 27, 28; Defendant's Response to Plaintiff's SMF ¶¶ 27, 28).

"Where, as here, the record shows that the promissory note[ ] and guarantee[ ] were duly executed by the Debtor[ ] and are in default, a prima facie right to judgment as a matter of law [is] established and the burden of production shift[s] to the Debtor[ ] to produce or point to evidence in the record which establishe[s] an affirmative defense." Big Sandy Partnership, LLC v. Branch Banking & Trust Co., 313 Ga. App. 871, 871-82, 723 S.E.2d 82, 84 (2012). A debtor is "not entitled to rest on allegations in [his] pleadings to establish affirmative defenses on which [he] had the burden of proof at trial, but [was] required to come forward with or point to specific facts in the record to establish affirmative defenses." Id. at 872, 723 S.E.2d at 84. The issue of whether Defendant Parks can establish a defense to the amount of damages flowing from his default on the Note lies at the heart of his request for an extension of time to conduct discovery pursuant to Rule 56(d). Except on the issue of the calculation of interest and other charges on the amount of the judgment to be entered, the court finds that Defendant has not met his burden under Rule 56(d). [Doc. 27 at 6, 8].

The focus of the argument in Defendant's motion to extend time for discovery and in his opposition to the motion for summary judgment is on the facts that Plaintiff filed the motion for summary judgment after only two months of the four month

14

discovery track had run and that Defendant did not engage in discovery after that point in time because of the ongoing negotiations to settle the litigation, which until October 15, 2012, Defendant believed were successful.  Discovery ended and the response to the motion was then due October 26, 2012.  [Doc. 26; Doc. 27 at 1-6].  Due to those negotiations, and although the court had extended the discovery period - as well as the deadline for Defendant's response to the motion for summary, Defendant contends that he has not had an adequate opportunity to complete discovery on three topics.  [Id.].

First, Defendant seeks the opportunity to depose representatives of Midland Loan Services and Doug Bonczynski, asset manager for Midland Loan Services, which as of October 23, 2007, began to service the loan represented in the Note at issue herein.  [Doc. 27 at 8; Doc. 17, Bonczynski Aff. ¶¶ 3, 4].  Mr. Bonczynski's affidavit, relied on by Plaintiff in the motion for summary judgment, provides the calculation of the amount owed on the defaulted note and upon which Plaintiff seeks entry of a judgment.  [Doc. 17, Bonczynski Aff. ¶¶ 7, 8, 9, 11].  Defendant contends that this calculation is "[o]ne of the central disputed issues in this case . . . ."  [Doc. 27 at 8].[4] Defendant further contends that "Plaintiff FDIC has sole possession and control over all the records and information needed to determine the amount owed on the note that

---

[4]"Defendant Parks disputes the calculation of interest and the amount of damages being claimed by the Plaintiff."  [Doc. 27 at 6].

AO 72A
(Rev.8/82)

is the basis of this case" and that he is entitled "to investigate the FDIC's interest calculations . . . ."[5]  [Doc. 27 at 8].

In response, Plaintiff FDIC-R correctly points out that discovery in this case began on April 5, 2012, and that the parties consented to several discovery extensions for settlement discussions but that nothing prevented Defendant from engaging in discovery during that period because discovery was never stayed.  [Doc. 31 at 4].  Plaintiff also points out that in its initial disclosures on April 6, 2012, the calculations that Defendant seeks to challenge, as well as the identity and contact information for Mr. Bonczynski, with the notation that he has "discoverable information related to the amounts owed under the Note[,]" were disclosed.  [Doc. 31 at 4-5].  As Plaintiff notes, two months elapsed between that notice and Plaintiff filing the motion for summary judgment on June 11, 2012.  [Id.].  Defendant did not conduct discovery during that time period - nor since the filing of the motion.  Defendant simply has not established

---

[5]Defendant further contends that he has not been presented with the original Note and is entitled to obtain the Note.  [Doc. 27 at 8].  However, Defendant has not disputed that he executed the Note, a copy of which is attached to the complaint, that he affirmed the Note after the FDIC became the Receiver for Silverton Bank, N.A., that he owed FDIC-R on the Note, and that he defaulted on the Note.  Accordingly, there is simply no basis for Defendant seeking to extend discovery to "investigate" any issues regarding the validity of the Note.

16

that he lacked "an adequate opportunity to complete discovery prior to consideration of the motion" for summary judgment.[6] <u>Jones</u>, 120 F.3d at 253.

However, the court disagrees with Plaintiff's contention that Defendant failed to specify the discovery that he is seeking with respect to the calculation of interest and damages. [Doc. 31 at 7-8; <u>and see</u> Doc. 32 at 7-8]. Defendant identified the issue on which he seeks discovery, that is, calculation of the amount of damages, based on the affidavit submitted by Mr. Bonczynski and the information contained therein. In his declaration, Defendant states the he disputes the unexplained "calculation of the amount owed under the Note as set forth in the 'payment history' . . ., particularly the interest calculations and the unexplained 'unpaid Variable Interest' and 'unpaid Interest After Default[.]'" [Doc. 29, Parks Declaration ("Dec.") ¶ 3]. Defendant also states that "calculations appear to be double-charging interest . . . for both 'unpaid variable interest' and 'unpaid interest after Default' for the same months" and that "unexplained 'Expenses' [are] listed on the far right column of the alleged damage calculation . . . ." [<u>Id.</u>]. Defendant Parks has specifically demonstrated "'how postponement of a ruling on the motion [as to calculation of damages] will enable him, by discovery or other means, to rebut the movant's showing of the absence of a

---

[6]At best, Defendant offered a reason - the ongoing settlement negotiations - for not engaging in discovery.

genuine issue of fact [on the amount of damages].'" <u>Wingster</u>, 318 Fed. Appx. at 813 (citation omitted).  Under the circumstances of this case, the court will exercise its discretion, <u>Anderson</u>, 678 F. Supp. 2d at 1295, to allow discovery on the issues regarding calculation of damages flowing from Defendant's default on the Note specifically identified in the cited paragraph of Defendant's declaration.

With respect to Defendant's two remaining areas of discovery, however, in addition to failing to establish that he was not afforded an adequate time to conduct discovery prior to responding to the motion for summary judgment, he has failed to "'conclusively justify his entitlement to the shelter of [R]ule 56[(d)] by presenting specific facts explaining the inability to make a substantive response.'" <u>Virgilio</u>, 680 F.3d at 1338.  Defendant contends that another "central issue" in the case is "whether the FDIC acted reasonably in mitigating any alleged damages in this case." [Doc. 27 at 8].  However, binding legal authority in the State of Georgia (<u>see</u> Plaintiff's SMF ¶¶ 12, 13; Defendant's Response to Plaintiff's SMF ¶¶ 12, 13) and the terms of the Note and Agreement establish that the issue of mitigation is irrelevant to a ruling on the motion for summary judgment.

Defendant acknowledged that his promise to pay the Principal Amount in the Note is an absolute and unconditional promise.  (Plaintiff's SMF ¶ 14; Defendant's Response to Plaintiff's SMF ¶ 14).  Although O.C.G.A. § 13-6-5 provides "'[w]here

18

by a breach of contract a party is injured, he is bound to lessen the damages as far as practicable by the use of ordinary care and diligence[,]'" Plaintiff FDIC-R "was not bound to mitigate damages under O.C.G.A. § 13-6-5 because the note[ ] and guarantee[ ] at issue contained absolute promises by [Defendant Parks] to pay the amount[ ] due, and 'O.C.G.A. § 13-6-5 does not apply to an absolute promise to pay . . . .'" Big Sandy Partnership, LLC, 313 Ga. App. at 872-73, 723 S.E.2d at 84 (citation omitted); Branch Banking and Trust Co. v. Lichty Bros. Construction, Inc., 2012 WL 3791872, at *2 (11th Cir. August 30, 2012) ("Where the notes and guarantees contain absolute promises to pay, there is no duty to mitigate damages.").

And the provisions of the Note and Agreement allow the FDIC-R to elect the remedy to be pursued upon a default on the Note.[7]  The Note provides that the lender

---

[7]Defendant apparently seeks to undermine the explicit terms of the Note and Agreement by presenting arguments based on and obtaining discovery regarding conversations with representatives of Midland Loan Services regarding liquidating the collateral securing the Note.  [Doc. 29, Parks Dec. ¶ 9].  However, "'[i]t is well established that . . . a promissory note may not be modified by the imposition of conditions not apparent on its face. . . .  The note being an unconditional promise, the contract is complete as written; parol evidence may not be used to impose conditions which are not apparent on the face of the note.'" Trendmark Homes, Inc. v. Bank of North Carolina, 314 Ga. App. 886, 888, 726 S.E.2d 138, 140 (2012) (citation omitted); see also Lovell v. Georgia Trust Bank, __ S.E.2d __, __, 2012 WL 5935975, at *3 (Ga. App. November 28, 2012) (denying the plaintiff discovery of documents and information relating to the defendant's alleged failure "to honor its oral promise to work with him in the event of default" because the plaintiff "cannot modify the Note by imposing conditions not apparent on its face").

(that is, FDIC-R as successor in interest) may forego enforcement of its rights without losing any rights under the Note.  (Ohlrich Aff. ¶ 5, Ex. 2 (Note, General Provisions)). In conjunction therewith, the terms of the Agreement provide that Defendant, as the borrower, waived certain defenses, including "any defenses that may arise because of any action or inaction of Lender, including without limitation any failure of Lender to realize upon the Collateral or any delay by Lender in realizing upon the Collateral[,]" (Ohlrich Aff. ¶ 5, Ex. 2 (Agreement, Borrower's Waivers and Responsibilities)), that the Lender is not obligated to sell the collateral upon an event of default (Id., Ex. 2 (Agreement, Rights and Remedies on Default)), and that the lender is given the right to exercise a choice of remedies upon default (Id.).

"[W]hen a debt instrument explicitly confirms the right of the creditor to pursue one or more specified remedies for default, the creditor owes no duty to the debtor to pursue any particular remedy and may pursue whatever contractual remedy it chooses." Martin v. Hamilton State Bank, 314 Ga. App. 334, 336, 723 S.E.2d 726, 728 (2012); cf. Tampa Investment Group, Inc. v. Branch Banking and Trust Co., Inc., 290 Ga. 724, 726, 723 S.E.2d 674, 678 (2012) (In the analogous situation involving a promissory note secured by a deed to real property, Georgia law is settled that a creditor "may either sue on the note or foreclose until the debt is satisfied. . . .  Indeed, such creditor is not put to an election of remedies as to whether he shall sue upon the

20

note or exercise a power of sale contained in the deed, but he may do either, or pursue both remedies concurrently until the debt is satisfied.") (citations and internal quotation marks omitted); Rel Development, Inc. v. Branch Banking & Trust Co., 305 Ga. App. 429, 431, 699 S.E.2d 779, 780-81 (2010) (Rejecting contention that Bank was required to mitigate damages by foreclosing on collateral, the court stated, "The fatal flaw in this argument is that the Bank had no obligation to pursue foreclosure proceedings but was fully authorized by both the law and the debt instruments to pursue only lawsuits against the debtors and guarantors to recover the debts.").

Plaintiff simply had no obligation to seek any other remedy or to mitigate damages before suing on the Note.  For this reason, Defendant cannot show that the "'discovery sought would be relevant to the issues presented by the motion for summary judgment . . . .'" Jones, 120 F.3d at 253 (quoting Snook, 859 F.2d at 870). And, finally, Defendant presents a vague claim for discovery based the possibility of misconduct by Silverton Bank, N.A., officers to determine "whether any misconduct . . . give[s] rise to any defenses Defendant . . . can raise, or any offsets to which Defendant may be entitled." [Doc. 27 at 6-7, 9].  Defendant seeks this discovery based on the fact that on August 8, 2011, the FDIC filed a lawsuit against officers and directors of Silverton Bank, N.A., for mismanagement of bank assets.  [Id. at 7, 9

(citing <u>FDIC, as Receiver of Silverton Bank, N.A. v. Tom A. Bryan, et al.</u>, No. 1:11-cv-2790-JEC)].

In response, Plaintiff notes that, although the law suit referenced by Defendant was filed "nearly seven months" before Defendant filed an answer to the complaint, no defenses were raised in the answer - or in the parties' subsequently filed Joint Preliminary Planning Report - referencing misconduct related to the law suit.  [Doc. 31 at 5; Doc. 32 at 4].  Plaintiff also notes that Defendant has failed to specifically identify any wrongful action by an officer or director of Silverton Bank, N.A., impacting the Note or his default on the Note and that Defendant has not identified any defense that might be raised based on the law suit filed by FDIC-R.  [Doc. 31 at 8; Doc. 32. at 8].  Defendant "may not simply rely on vague assertions that additional discovery will produce needed facts," especially in a case where, as here, the court has found that Defendant has had "'ample time and opportunities for discovery . . . .'" <u>Wingster</u> 318 Fed. Appx. at 814 (citation omitted).

The court also agrees with Plaintiff's argument that Defendant's request to seek discovery on the potential of misconduct by officers and directors of Silverton Bank, N.A., preceding the FDIC being appointed as Receiver, is undermined by Defendant's execution of the first and second modifications of the Note.  [Doc. 31 at 8-9; Doc. 32 at 8].  One term of the First Modification executed by Defendant on January 7, 2010,

provides that "Borrower represents and warrants that . . . Borrower presently has no claims or actions of any kind at law or in equity against Lender arising out of or in any way relating to the Loan Documents."  (Ohlrich Aff. ¶ 5, Ex. 2 (First Modification, Section 3(e)(iii)).  And the terms of the Second Modification, executed by Defendant and FDIC-R on September 23, 2010, provide in pertinent part:

4.1   As of the date hereof, Borrower has no defenses, offsets or counterclaims as against the indebtedness evidenced by the Original Note, as amended hereby.

4.2   To the best knowledge and belief of Borrower, the Original Note, and the other Loan Documents, as amended hereby are in all respects the legal, valid and binding obligations of the parties thereto, enforceable against the parties thereto in accordance with their respective terms and free from all infirmities, defenses or counterclaims of any nature whatsoever. To the best of knowledge and belief of Borrower, Lender is not in default or breach of any of its obligations to Borrower under the Original Note or any other Loan Documents, as amended hereby.

(Ohlrich Aff. ¶ 5, Ex. 2 (Second Modification, Sections 4.1, 4.2)).  Defendant has offered no explanation as to why the explicit terms of these modifications, that is, Defendant warranting to the FDIC-R that he had no claims against enforcement of the Note, should not be enforced.  Plaintiff is entitled to rely on these warranties.

For these reasons, the court finds that Defendant has not carried his burden under Fed. R. Civ. P. 56(d) to delay entry of an order on the motion for summary judgment or to obtain additional discovery on the amount of damages to be awarded

upon a finding of default with respect to the issues involving mitigation or the law suit filed against the officers and directors of Silverton Bank, N.A.

## III.   Judgment

Defendant conceded that he executed and affirmed the Note and Agreement recognizing that he owed Plaintiff FDIC-R the amounts due and payable pursuant to the terms of the Note, Agreement and First and Second Modification of the Note and Agreement.  Defendant also conceded that he has defaulted on the Note.  The court finds that Defendant has not established any affirmative defense to that default nor demonstrated that he is entitled to additional discovery before a finding of default. Accordingly, Plaintiff is entitled to finding of liability by Defendant on the breach of note claim.  The only issue remaining before the court is the entry of a judgment, that is, the amount of damages.

Ordinarily, once a plaintiff establishes a *prima facie* right to judgment on a promissory note, "the burden shift[s] to defendant[ ] to produce evidence showing a different amount owed, thereby creating a jury issue." First Citizens Bank and Trust Co., Inc. v. Hwy 81 Venture, LLC, 2012 WL 779894, at *6 (N.D. Ga. March 6, 2012) (citing Hovendick v. Presidential Fin. Corp., 230 Ga. App. 502, 505, 497 S.E.2d 695, 272-73 (1998)).  And merely arguing that the amount established by a plaintiff is not correct is not evidence; instead, "[w]ithout introducing evidence to show that the

24

amount claimed by plaintiff is incorrect or should be calculated in a different way, defendant[ ] cannot avoid summary judgment." Id. (citing Dunn v. Reliable Tractor, Inc., 248 Ga. App. 258, 260, 545 S.E.2d 695, 698 (2001); Hovendick, 230 Ga. App. at 505, 497 S.E.2d at 273).  As noted, the court has found that Defendant established grounds for allowing discovery on specific items impacting the calculation of interest, that is, the computation of unpaid Variable Interest and unpaid Interest After Default and the calculation of "Expenses" listed on the exhibit presented by Plaintiff in support of the motion for summary judgment.  Defendant has not established grounds for challenging the calculation of any other items, such as, the amount of attorneys fees, included in the judgment.  Accordingly, the court will grant Plaintiff's motion for summary judgment as to liability but deny entry of judgment on damages to allow Defendant sixty days to conduct discovery as outlined *supra*.

## IV.    Conclusion

For the foregoing reasons and cited authority, the court **GRANTS** Plaintiff's motion [Doc. 17] for summary judgment as to liability on the breach of contract claim in the complaint filed against Defendant Parks.  The court **DENIES** summary judgment on damages and **ORDERS** that discovery on the issue of calculation of interest, specifically, the computation of unpaid Variable Interest and unpaid Interest After Default and the calculation of "Expenses" listed on the exhibit presented by

25

Plaintiff in the exhibit to the affidavit of Doug Bonczynski, be conducted by the parties and concluded on or before **February 26, 2013**.  Within thirty days of the close of the discovery period, the parties may seek summary judgment on the amount of damages or present to the court a consent judgment.

**SO ORDERED THIS** 28th day of December, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)